STATE of Tennessee, Appellant,

v.

Jerry Lynn HOPSON, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 11, 1979.

Permission to Appeal Denied by Supreme Court Nov. 5, 1979.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville,

Larry W. Weems, Asst. Dist. Atty., Greeneville, for appellant.

John T. Milburn Rogers, Greeneville, for appellee.

## OPINION

TATUM, Judge.

This is a post-conviction relief case in which the State appeals from a judgment of the Criminal Court of Greene County, granting the appellee a "delayed appeal" from a judgment of this court affirming appellee's conviction for armed robbery.

The appellee filed a petition for post-conviction relief attacking the validity of his conviction for armed robbery, alleging several grounds for relief. The trial judge found all of the issues in favor of the State, except for the appellee's contention that his attorney unilaterally terminated the appellate process without the appellee's knowledge or consent after assuring the appellee that he would "take the case all the way to the Supreme Court." The court-appointed attorney did appeal the case to this court and this court affirmed the conviction, but the attorney did not apply to the Supreme Court for a Writ of Certiorari. The trial judge accepted the appellee's testimony that his attorney promised to apply to the Supreme Court for certiorari and that he did not learn that the attorney had not done so until the time for filing had expired. See *Moultrie v. State*, 542 S.W.2d 835 (Tenn.Cr.App.1976).

The judgment of the trial court in part is as follows:

"ORDERED, ADJUDGED AND DECREED by the Court that the Petitioner, Jerry Lynn Hopson, be granted a delayed appeal from the adverse decision in the Court of Criminal Appeals of Tennessee at Knoxville filed on July 7, 1977, in the case of Harold Vernon Smith and Jerry Lynn Hopson, Appellants, vs. State of Tennessee, Appellee, Docket No. 111, Greene Criminal, Armed Robbery

charges. In said appeal, the Petitioner herein was represented by the Honorable Ray E. Cate of Knoxville, Tennessee.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Petitioner through his counsel, the Honorable John T. Milburn Rogers, be allowed ninety (90) days from the date of the entry of this Order in which to file his delayed appeal and the Clerk of the Court of Criminal Appeals is hereby ordered to provide said court-appointed attorney the transcript of record and all briefs heretofore filed in that cause and is further directed to forward said Petition for Writ of Certiorari to the Supreme Court of Tennessee upon filing of the same."

The appellee did not appeal from the portion of the judgment adverse to him, so we are confronted only with the appeal by the State containing the following assignments of error:

1. The trial court erroneously held he had jurisdiction to vacate the judgment of the Court of Criminal Appeals in prior proceedings involving this appellee and grant a delayed petition for writ of certiorari.

2. Even if the trial court had jurisdiction to grant a delayed petition for writ of certiorari, the trial court erroneously granted such a petition when the record reflects no violation of the appellee's constitutional rights.

 We concur with the State that the trial court has no jurisdiction to grant a "delayed appeal" from the Court of Criminal Appeals to the Supreme Court. T.C.A. § 40–3820 authorizes a trial judge to grant a delayed appeal in the nature of a writ of error from an original conviction when a prisoner can show that his right to appeal was denied in violation of his constitutional rights. However, this section only empowers the trial judge to grant a delayed appeal in the nature of a writ of error from the trial court to the Court of Criminal Appeals. *Baugh v. State*, 3 Tenn.Cr.App. 121, 457

S.W.2d 887 (1970). The only remedy for a prisoner who has been unconstitutionally deprived of his right to apply to the Supreme Court for certiorari is for this court to vacate its order affirming the prisoner's conviction and to reinstate the same order so as to start anew the prisoner's statutory period for filing the petition for certiorari. There is no authority for a trial judge ·to vacate and reinstate a judgment of this court. See *State v. Williams*, 529 S.W.2d 714 (Tenn.1975); *Campbell v. State*, 576 S.W.2d 591 (Tenn.Cr.App.1978); *Moultrie v. State, supra.*

We note also that only the Supreme Court or one of the Justices thereof can extend the time for the filing of a petition for a writ of certiorari from 45 days to 90 days. T.C.A. § 16–452; *Gossett v. State*, 224 Tenn. 374, 455 S.W.2d 585 (1970).

■ The State insists that the appellee is not entitled to the petition for the writ of certiorari. We agree that T.C.A. § 40–2018, providing that appointed counsel is required to represent a defendant only through the initial appellate review, is a valid statute. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). However, here, counsel, having assured the convicted defendant that he would file for the writ of certiorari, failed to do so. Instead, he permitted the time for filing to expire without notice to the defendant. The defendant, thus deprived of his right to file a *pro se* petition, was deprived of his constitutional right and was entitled to relief. *Campbell v. State, supra; Moultrie v. State, supra.*

■ The attorney who represented the appellee in both the principal trial and on direct appeal to this court was not present and did not testify because he was engaged in another trial. The trial judge was ill advised in proceeding without the testimony of original counsel. We have observed on many occasions that original counsel, when available, should always testify in a post-conviction proceeding when there is an allegation that he was ineffective. The State cites *Swaw v. State*, 3 Tenn.Cr.App. 92, 457 S.W.2d 875 (1970) for the proposition that the uncorroborated testimony of a petitioner is insufficient to carry the burden where the judgment is regular upon its face and entitled to the presumption of validity. We are not confronted here with an attack on the validity of a judgment, but only with the right of the appellee to file for the writ of certiorari seeking a review of a judgment of this court by the Supreme Court. While we do not think that the trial judge was bound to accept the uncorroborated testimony of the appellee if not believed, we think that it was within his province to accept this testimony if he deemed it credible.

The trial judge did not have jurisdiction to make the portion of the judgment above quoted; that portion of his judgment is reversed.

Since the power to grant the relief is vested in this court, we must vacate and immediately reinstate the judgment of this court filed July 7, 1977 at Knoxville, CCA No. 111, Greene County, affirming the conviction of appellee for armed robbery. This action is taken for the sole purpose of armed robbery. This action is taken for the sole purpose of starting anew the time for which the appellee may petition the Supreme Court for the writ of certiorari.

CORNELIUS, J., and BEASLEY, Special Judge, concur.