IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

June 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| GUADALUPE MENDEZ, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9703-CC-00076 |
| | ) | |
| | ) | Montgomery County |
| v. | ) | |
| | ) | Honorable James E. Walton, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Tim Wallace
116 S. Second Street
Clarksville, TN 37040
(AT TRIAL)


Gregory D. Smith
One Public Square, Suite 321
Clarksville, TN 37040
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Lisa A. Naylor
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493


John Wesley Carney, Jr.
District Attorney General
        and
Arthur Bieber
Assistant District Attorney General
204 Franklin Street
Suite 200
Clarksville, TN 37040-3420

OPINION FILED:_____


AFFIRMED; DELAYED APPEAL GRANTED WITH JUDGMENT IN CASE NO. 01C01-9206-CC-00186 VACATED AND REINSTATED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Guadalupe Mendez, appeals as of right from the Montgomery County Circuit Court's denial of his petition for post-conviction relief. He contends that he is entitled to post-conviction relief because he received the ineffective assistance of counsel by trial and direct appeal counsel because counsel (1) failed to request a mistrial after learning at trial of an inculpatory statement made by the petitioner and (2) failed to file a timely application for permission to appeal to the Tennessee Supreme Court. We conclude that the petitioner received the effective assistance of counsel with respect to his claim that counsel should have requested a mistrial, but we hold that the petitioner is entitled to a delayed appeal.

The petitioner was convicted of first degree murder and sentenced to life imprisonment. This court affirmed the conviction. State v. Guadalupe S. Mendez, No. 01C01-9206-CC-00186, Montgomery County (Tenn. Crim. App. Apr. 15, 1993), applic. dismissed (Tenn. Aug. 9, 1993). On August 16, 1994, the petitioner filed a pro se petition for post-conviction relief, raising several claims, including ineffective assistance of counsel. Attached as an exhibit to the petition was a letter from the petitioner's counsel explaining that he had erroneously calculated the time for filing an application for permission to appeal to the Tennessee Supreme Court. In the letter, counsel explained that as a result, he filed an application for permission to appeal under Rule 11, T.R.A.P., one day late, and the application was denied due to its untimeliness. The petitioner's counsel recommended that the petitioner file a petition for post-conviction relief alleging ineffective assistance of counsel because of counsel's error in seeking review by the Tennessee Supreme Court.

At the post-conviction hearing, counsel testified that he represented the petitioner at trial and on direct appeal. He stated that during the state's case-in-chief at

2

trial, he received a copy of a six-page, inculpatory statement given by the petitioner to a detective while the petitioner was in the hospital. He testified that he believed that the state inadvertently failed to provide the statement to him, violating his request for discovery. Counsel said that the trial court allowed him to review the petitioner's statement and the medical records for approximately one and one-half hours before a suppression hearing was conducted. He stated that the medical records showed that before giving the statement to police, the petitioner had been treated with six milligrams of morphine for pain as a result of a self-inflicted wound. Counsel testified that the detective's testimony was that the doctor had told him that it would be suitable to interview the petitioner. He stated that the trial court denied the petitioner's motion to suppress.

Counsel testified that he knew that he could have either requested a mistrial or sought to suppress the statement and proceed with trial. Counsel stated that he chose not to ask for a mistrial but instead sought to suppress the statement because (1) the petitioner was anxious to complete the trial, (2) counsel believed that the trial was going well, (3) counsel believed there were adequate grounds to suppress the statement, (4) many of the state's witnesses either lived out of state or were not prepared to testify, and (5) counsel was not certain that a mistrial would be granted. He acknowledged that most attorneys would have requested a mistrial under the circumstances.

Counsel testified that he appealed several issues on appeal to the Tennessee Court of Criminal Appeals, including the denial of the petitioner's motion to suppress, and the trial court's judgment was affirmed. See State v. Guadalupe S. Mendez, No. 01C01-9206-CC-00186, Montgomery County (Tenn. Crim. App. Apr. 15, 1993), applic. dismissed (Tenn. Aug. 9, 1993). He stated that he filed an application for permission to appeal to the Tennessee Supreme Court but that it was denied because

3

it was not timely filed. He explained that he filed the application one day late because he miscalculated the time for filing the application. Counsel testified that he sent a letter to the petitioner detailing the error and its effect. He identified the letter, and it was introduced as an exhibit.

On cross-examination, counsel testified that the petitioner was initially represented by retained counsel and that retained counsel was aware of the petitioner's statement. He stated that retained counsel may have had a copy of the statement but that retained counsel never gave him a copy, although he received the medical records. He said that the petitioner also never mentioned the statement during the five or six times that he met with the petitioner. Counsel testified that at trial, the state relied heavily on evidence other than the petitioner's statement to establish premeditation and deliberation.

On redirect examination, counsel testified that he and the petitioner jointly decided to proceed to trial. He believed that it was emotionally draining on a client to continue a case at the last minute when the client was prepared to go to trial. He stated that he would request a mistrial over a client's objection if he believed that the client would be prejudiced. Counsel testified that he believed that the momentum of the trial was in the petitioner's favor.

At the conclusion of the proof, the trial court denied post-conviction relief. It concluded that the petitioner's claim of ineffective assistance of counsel as to the failure to request a mistrial was a classic example of trial strategy. It noted that the petitioner was not entitled to a mistrial. The court found that counsel was given adequate time to review the statement and medical records and that counsel properly considered the available options and decided that it was in the petitioner's best interest to proceed with the trial. It also concluded that the petitioner had failed to establish that

4

he had been prejudiced by trial counsel's failure to request a mistrial. As for the petitioner's claim relating to counsel's untimely filing of the application for permission to appeal, the trial court found that counsel filed the application for permission to appeal one day late, denying the petitioner the right to appeal his conviction to the Tennessee Supreme Court. However, it stated that it did not believe that it had jurisdiction under the new Post-Conviction Act, see T.C.A. §§ 40-30-201--310, to grant a delayed appeal under the circumstances. It held that if it had jurisdiction to set aside the prior conviction and to order a delayed appeal, it did so by the entry of the order. It determined that the petition should be dismissed because it believed that it did not have the authority to vacate the Tennessee Court of Criminal Appeal's judgment. The court detailed its findings of fact and conclusions of law in its written order denying post-conviction relief.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that he received the ineffective assistance of trial counsel because his counsel failed to request a mistrial when he received an inculpatory statement of the petitioner during the state's case-in-chief. The state responds that the evidence supports the trial court's finding that trial counsel made an informed tactical decision based on his observations and experiences to move for the suppression of the statement instead of requesting a mistrial. We agree.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 842-44 (1993). Our supreme court has also applied this standard to the right to counsel under

5

Article I, Section 9 of the Tennessee Constitution, State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), and to the right to appellate counsel under the Fourteenth Amendment. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995); see Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201. We note, as well, that the claim of ineffective assistance of counsel can be defeated by the failure to make the required showing of either deficient performance or sufficient prejudice. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

We believe that the trial court correctly concluded that the petitioner received the effective assistance of counsel. The record reflects that the petitioner knew that he could have requested a mistrial instead of seeking to suppress the statement and continuing with the trial. However, as counsel recognized, the decision

6

of whether to grant a mistrial is within the sound discretion of the trial court. See State v. McKinney, 929 S.W.2d 404, 405 (Tenn. Crim. App. 1996). Furthermore, counsel reviewed the petitioner's statement as well as the medical records and concluded that a motion to suppress was the best plan of attack given the fact that the petitioner was anxious for the trial to continue and many of the state's witnesses lived out of state or were not prepared. Moreover, the petitioner agreed with his counsel that the trial should proceed. Under these circumstances, we conclude that the trial court correctly determined that the petitioner's counsel made an informed tactical decision to move to suppress the petitioner's statement rather than request a mistrial. We agree that the petitioner received the effective assistance of counsel. Moreover, as the trial court noted, the petitioner failed to establish prejudice.

## II. DELAYED APPEAL

Finally, we address the petitioner's claim that he is entitled to a delayed appeal. First, we note that the trial court incorrectly considered the 1995 Post-Conviction Procedure Act in determining whether it had the authority to grant a delayed appeal. The petition for post-conviction relief was filed on August 16, 1994, and is governed by the former Post-Conviction Procedure Act. See T.C.A. § 40-30-201 (Post-Conviction Procedure Act of 1995 governs all petitions filed on or after May 10, 1995). In any event, under the former act, the trial court lacked the authority in a post-conviction proceeding to grant a delayed appeal from the Tennessee Court of Criminal Appeals to the Tennessee Supreme Court. See T.C.A. § 40-30-120 (1990); State v. Hopson, 589 S.W.2d 952, 953 (Tenn. Crim. App. 1979).

The trial court properly concluded that the only remedy for the petitioner was for this court to vacate its order affirming the petitioner's conviction and to reinstate it so as to allow the petitioner the opportunity to seek review by the Tennessee Supreme Court. See Hopson, 589 S.W.2d at 954. In this respect, the trial court found

7

as fact that counsel's filing of an application for permission to appeal one day late deprived the petitioner of his right to pursue an appeal to the Tennessee Supreme Court. We believe that the record supports this finding.

Unilateral termination of an appeal to the supreme court without notice to the client has been deemed ineffective assistance of counsel. See Moultrie v. State, 542 S.W.2d 835, 838 (Tenn. Crim. App. 1976). Also, Tennessee cases have allowed for delayed appeals without considering whether the issues to be raised have any merit. See Pinkston v. State, 668 S.W.2d 676, 677-78 (Tenn. Crim. App. 1984); State v. Brown, 653 S.W.2d 765, 766-67 (Tenn. Crim. App. 1983); Hopson, 589 S.W.2d at 954; Campbell v. State, 576 S.W.2d 591, 592-93 (Tenn. Crim. App. 1978).

In this case, the petitioner's counsel admitted that he did not seek Tennessee Supreme Court review in a timely manner. Counsel explained that he miscalculated the time for filing an application for permission to appeal, resulting in the application being filed one day late and being ultimately dismissed due to its untimeliness. A letter from counsel details counsel's error and the effect of the error. On appeal, the state concedes that the petitioner is entitled to a delayed appeal. Under these circumstances, we conclude that the petitioner was deprived of seeking second-tier review of his conviction through no fault of his own.

In consideration of the foregoing, we affirm the denial of post-conviction relief on the grounds that counsel was ineffective for failing to request a mistrial. Also, we vacate our judgment in State v. Guadalupe S. Mendez, No. 01C01-9206-CC-00186, Montgomery County (Tenn. Crim. App. Apr. 15, 1993), applic. dismissed (Tenn. Aug. 8, 1993), and reinstate it as of the date of the filing of this opinion.

_____
_____Joseph M. Tipton, Judge

8

CONCUR:

9

_____
David H. Welles, Judge


_____
Joe G. Riley, Judge