# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2001

## ANTHONY JEROME STOKES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 211043     Douglas A. Meyer, Judge**

---

**No. E2000-03232-CCA-R3-PC**
**October 15, 2001**

---

In 1995, the petitioner entered pleas of guilty to two counts of murder. Subsequently, he filed a petition for post-conviction relief attacking his sentence. Relief was denied by both the post-conviction court and this court. His post-conviction counsel neither withdrew nor filed an application for permission to appeal. Subsequently, he filed a number of other pleadings of various types, including a second petition for post-conviction relief, the dismissal of which is the basis for this appeal. Through that petition, he sought to file an application for permission to appeal to the supreme court the judgment of this court affirming dismissal of his first petition for post-conviction relief. Based upon our review, we remand the matter to the post-conviction court for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Anthony Jerome Stokes, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### DISCUSSION

The petitioner entered pleas of guilty on June 15, 1995, to one count of first degree murder and one count of second degree murder. Subsequently, he filed a petition for post-conviction relief in which he was represented by counsel. In an opinion issued on April 23, 1999, this court affirmed the judgment of the post-conviction court denying relief. See Anthony Jerome Stokes v. State, No. 03C01-9710-CR-00477, 1999 WL 281339 (Tenn. Crim. App. Apr. 23, 1999). Following the opinion

of this court in the matter, post-conviction counsel neither sought to withdraw nor filed an application for permission to appeal.

On July 29, 1999, three months after this court had affirmed the dismissal of his post-conviction petition, the petitioner filed a *pro se* motion stating that his appellate counsel had advised him that she would withdraw from representing him if this court affirmed the judgment of the trial court, and asking, alternatively, that he be allowed to proceed *pro se*, that he be appointed new counsel, or that a copy of this court's opinion be sent to him upon filing. By order entered on August 3, 1999, this court denied his motion because the mandate had been issued on June 30, 1999, concluding that it was without jurisdiction to grant the relief requested by the petitioner. By its order entered on August 24, 1999, our supreme court denied his motion to file a delayed application for permission to appeal. On September 1, 1999, he filed a motion with this court asking that we withdraw our opinion and judgment of April 23, 1999, and then refile them so as to establish a new period within which he could apply for permission to appeal to the Tennessee Supreme Court. This court denied that motion by its order entered September 7, 1999.

On April 27, 1999, the petitioner had filed in the Hamilton County Criminal Court a "Petition for Enforcement of Agreement," seeking to enforce an alleged plea agreement made with the State.[1] On December 17, 1999, he filed an "Addendum/Amendment for Assistant [sic] In This Court's Review." That pleading was struck from the record by an order of this court on January 4, 2000, because an affidavit referred to by the pleading was not a part of the record on appeal. He then filed in the Hamilton County Criminal Court a "Writ of Error Coram Nobis," asking that court to set aside its previous order denying relief and enforce the alleged plea agreement. On February 3, 2000, he filed, in the Hamilton County Criminal Court, a "Motion to Amend Writ of Error Coram Nobis and Amendment Attached and/or Motion to Re-Open Post-Conviction Attached," seeking to add additional issues to his pending "Writ of Habeas Corpus" or, in the alternative, to reopen his petition for post-conviction relief. Next, he filed with this court a motion asking that a ruling on his petition for enforcement of the resentencing agreement be held in abeyance until the Hamilton County Criminal Court had ruled on his coram nobis/petition to reopen his post-conviction petition. On March 29, 2000, the Hamilton County Criminal Court denied the petitioner's petition for writ of error coram nobis/petition to reopen post-conviction petition.

On June 22, 2000, the petitioner filed, in the Hamilton County Criminal Court, a petition for delayed appeal, in which he alleged both that he had not received a copy of the opinion of this court affirming the dismissal of his first petition for post-conviction relief and had not been advised by counsel of the decision. He claimed in the petition that the first notice he had that this court had affirmed the dismissal of the post-conviction petition was when he received a copy of this court's order of August 3, 1999, denying relief which he had sought in a *pro se* motion in the same matter in which he had sought, alternatively, to proceed *pro se*, to have new counsel appointed, or that he receive "a copy of this court's decision in his appeal so that he can file a petition to rehear." In that

---

[1] We take judicial notice of the petitioner's previous filings with this court. Church v. State, 987 S.W.2d 855, 859 (Tenn. Crim. App. 1998).

petition, he also alleged that he had filed petitions with the Hamilton County Criminal Court, seeking the same relief on April 19, 2000, and May 9, 2000, but that he was told by a deputy clerk that the clerk's office did not have a record of having received either. The petitioner then argued that his petition, filed on June 22, 2000, "should be considered as filed APRIL 19, 2000." Attached to the petition was a copy of the letter from his counsel stating that she had not provided him with a copy of the opinion of this court affirming the dismissal of his petition for post-conviction relief.

By order entered on July 10, 2000, the Hamilton County Criminal Court dismissed the petition for delayed appeal, both because it was his second post-conviction petition and because the post-conviction court recognized that it did not have the authority to vacate and then reinstate an opinion of this court so as to start anew the period within which the petitioner could make application for permission to appeal to the Tennessee Supreme Court. The petitioner then timely appealed that dismissal.[2]

## ANALYSIS

It does not appear that our courts previously have considered this precise issue, that is, whether a petitioner's rights are violated when counsel neither withdraws nor files an application for permission to appeal after this court has ruled against the petitioner on a petition for post-conviction relief. However, two procedural rules are relevant to our consideration. Rule 13 of the Rules of the Tennessee Supreme Court sets out the procedures for appointment, qualifications, and compensation of appointed counsel. Rule 14 provides for the withdrawal of appointed counsel after an adverse decision in this court. Tenn. Sup. Ct. R. 14. In this matter, appointed counsel neither sought to withdraw, following the adverse decision of this court as to the petitioner's direct appeal, nor filed an application for permission to appeal.

Other cases have considered, as related to a direct appeal, the failure of appointed counsel to take any action after an adverse decision. In State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979), this court vacated and then immediately reinstated its judgment as to the direct appeal of the conviction to restart the time for the petitioner to file a petition for writ of certiorari to our supreme court, the petitioner not learning that appointed counsel had not done so until the time had expired. In State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983), this court, construing Rule 14, of the Rules of the Tennessee Supreme Court, concluded that it spelled out "the minimum requirements to assure a defendant's right to due process." Accordingly, so that the defendant could file an application for permission to appeal this court's affirmance of his conviction, we vacated and then reinstated our judgment. Additionally, this court has determined that a petitioner may be entitled to relief when the post-conviction court did not provide him with a copy of its order of dismissal denying post-conviction relief. See James Moore v. State, No. 02C01-9511-CC-00337,

---

[2]Apparently, the petitioner, at some point, filed a petition for writ of mandamus in the Bledsoe County Criminal Court and, subsequently, a petition for writ of mandamus with this court, on October 17, 2000, seeking to require that the petition pending in Bledsoe County be acted on. This court denied his petition on November 21, 2000.

1999 WL 148496, at *2 (Tenn. Crim. App. Mar. 19, 1999), perm. to appeal denied (Tenn. Oct. 4, 1999).

Several cases have considered whether due process can be implicated when a statute of limitations, in the manner of its application, prevents an inmate from seeking post-conviction relief. In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), our supreme court reviewed the application of the three-year limitations of action statute, then in effect, as it applied to his post-conviction petition. Burford had been caught in a "procedural trap" because the statute of limitations had expired for filing a post-conviction petition as to a robbery conviction in Trousdale County, resulting in his being declared an habitual offender before four robbery convictions in Wilson County had been set aside. The State defended the Trousdale County post-conviction petition by arguing that it was untimely because it had been filed after the three-year limitations of actions period had expired. However, our supreme court concluded that "although we find that the [limitations of actions] statute itself complies with due process," applying it to "bar consideration of the petition in this case deprives Burford of liberty without due process of law." Id. at 210.

In Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001), our supreme court determined that "due process preclude[d] application of the statute of limitations to bar consideration of the writ of error coram nobis[.]"

In Williams v. State, 44 S.W.3d 464 (Tenn. 2001), our supreme court considered a situation similar to that of the instant case. Williams's attorney had filed a motion to withdraw as counsel approximately nine months after the petitioner's conviction had been affirmed on direct appeal by this court. The motion recited that he had timely sent a cover letter and copy of the opinion of this court to Williams, but that, approximately a week before the motion had been filed, he had been notified by Williams that he had not received counsel's letter with which was enclosed a copy of this court's opinion on the direct appeal of his conviction. The motion asked that additional time be granted to the petitioner to file an application for permission to appeal to the supreme court as to the affirmance by this court of the direct appeal of his conviction. This court denied the motion as untimely, and the petitioner then filed an application for permission to appeal to the Tennessee Supreme Court, which was "also untimely pursuant to Rule 11(b) of the Tennessee Rules of Appellate Procedure[.]" Id. at 466. Accordingly, our supreme court, "without jurisdiction to consider the merits of the application," denied and dismissed the appeal. Id.

Williams then filed a *pro se* petition for post-conviction relief, asserting, *inter alia*, that he had been denied effective assistance of counsel during the appellate process. Following a hearing in the post-conviction court, the petition was dismissed because of Williams's failure to present evidence, and he then appealed. This court, focusing on whether the petition had been timely filed, remanded the matter to the post-conviction court for an additional hearing as to circumstances which would bear on the statute of limitations. The State appealed the decision of this court. Our supreme court concluded that, although the 1995 Post-Conviction Procedure Act requires that such claims be filed in a timely manner, the limitations period may be tolled by due process considerations. Our supreme court, concluding that "due process considerations may have tolled the running of the

statute of limitations for filing a post-conviction petition," remanded the matter "for an evidentiary hearing to determine the circumstances surrounding" the filing of the petition. <u>Id.</u> at 467.

In the instant case, the petitioner's second post-conviction petition, the dismissal of which is the basis for this appeal, had attached, as an exhibit, a letter from his post-conviction counsel, apparently acknowledging that a copy of this court's 1999 opinion had not been provided to him by counsel. However, for a determination whether the petitioner's due process rights were violated by his post-conviction counsel's neither withdrawing nor filing an application for permission to appeal, certain facts must be established. Accordingly, we remand the matter to the post-conviction court for an evidentiary hearing to determine when and how the petitioner learned that no application for permission to appeal had been made as to this court's 1999 judgment affirming the dismissal of his first post-conviction petition; why counsel did not either withdraw or file an application for permission to appeal that judgment; and whether due process requires that the petitioner be given the opportunity to file an application for permission to appeal that judgment. With this addition to the record, and the findings of the post-conviction court, we can then determine whether this court should withdraw and then refile its 1999 opinion, so as to provide an opportunity for the petitioner to file an application for permission to appeal to the supreme court. To facilitate this matter, we direct that counsel be appointed for the petitioner.

## CONCLUSION

This matter is remanded to the post-conviction court for an evidentiary hearing, findings of fact by the court, and certification of the record to this court.

_____
ALAN E. GLENN, JUDGE

-5-