# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 08, 2014

## MARVIN BOBBY PARKER v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Bedford County
### No. 17428-PCR     Franklin L. Russell, Judge

---

### No. M2012-02740-CCA-R3-PC - Filed June 30, 2014

---

The petitioner, Marvin Bobby Parker, was convicted of reckless aggravated assault, two counts of assault, and one count of reckless endangerment after a violent confrontation at a racetrack.  He appeals the denial of his petition for post-conviction relief.  On appeal, the petitioner asserts that the post-conviction court erred in rejecting his argument that he received the ineffective assistance of counsel when: (1) trial counsel did not allow him to testify at the grand jury proceedings; (2) trial counsel did not request an instruction on self-defense during trial; (3) trial counsel failed to call certain witnesses at trial and at the preliminary hearing; (4) trial counsel failed to prepare him to testify; (5) trial counsel failed to pursue or advise him regarding pretrial diversion; (6) trial counsel did not introduce a videotape into evidence; and (7) trial counsel's cumulative errors deprived him of a fair trial.  After a review of the record, we conclude that the petition was properly dismissed, and we affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J., and JOE H. WALKER, III, SP.J., joined.

Beau E. Pemberton, Dresden, Tennessee, for the appellant, Marvin Bobby Parker.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Robert Carter, District Attorney General; and Richard Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**FACTUAL AND PROCEDURAL HISTORY**

The petitioner was convicted of the crimes at issue when his car struck a member of a rival racing family at the Duck River Speedway on June 7, 2008, narrowly missing another family member and a bystander; the petitioner subsequently assaulted the racetrack owner. *State v. Parker*, No. M2009-02448-CCA-R3-CD, 2011 WL 51734, at *1 (Tenn. Crim. App. Jan. 6, 2011). Witnesses for the State testified at trial that the petitioner's car bumped the car owned by the Smotherman family multiple times during the race and that a member of the Smotherman family's pit crew signaled for the petitioner to stop as he exited the track and swore at the petitioner. *Id.* at *2-5. These witnesses testified that the petitioner then took off at a high rate of speed, prompting two members of the family to throw beverages at him. *Id.* at *3-5. He then turned hard, "cut a donut," and sped toward the Smotherman pads, narrowly missing a sixth grader who was standing in the pit area and James Smotherman, Sr., and hitting Chad Smotherman, who sustained a severely fractured nose and permanently impaired sense of smell. *Id.* The State's witnesses then testified that several people tried to remove the petitioner from the car. *Id.* at *4-5. Witnesses testified that the petitioner and his brother then assaulted the racetrack owner. *Id.* at *6.

The petitioner presented three defense witnesses who testified that the petitioner's car had been mobbed by a crowd of people who were throwing bottles and trying to pull the petitioner out of his car. *Id.* at *7. These witnesses testified that the petitioner's car sped away after he was attacked by the crowd, that the car went in a donut, and that it crashed into another vehicle. *Id.* One witness testified that, during the mob attack, Chad Smotherman had climbed on the area where the hood of the car normally would have been and that he was not struck but thrown from the vehicle he had climbed upon. *Id.*

The petitioner's own testimony at trial was that, after certain conflicts during the race, a member of the Smothermans' pit crew signaled him to stop as he exited the track. While he was stopped, Chad Smotherman threw a liquid with irritating fumes at him, and James Smotherman, Jr., threw a bottle which hit him in the neck. *Id.* at *8. He testified that people were reaching in the car and trying to pull him out, that someone attempted to cut his harness for which he received lacerations on his stomach in the attempt, and that he started his car in an attempt to escape the mob. *Id.* at *8-9. He testified that the car went "wide open," that he lost control of the vehicle, that he aimed the vehicle at a fence, and that he essentially blacked out for the actual collision. *Id.* at *8. His testimony was that he "came to" when people were trying to pull him from the car. *Id.* He managed to drive away although he realized the mob had taken his steering wheel. *Id.* He acknowledged shaking the racetrack owner but denied hitting him. *Id.*

Three other witnesses, including the petitioner's brother,[1] confirmed that a crowd was attacking the petitioner's car although they did not testify that the attack occurred before the vehicle struck Chad Smotherman. Jay George testified he found the petitioner's steering wheel on the ground, and Matthew Wilson testified he saw blood on the driver's side of the petitioner's car and that the throttle linkage on the car was bent, which could cause the car to malfunction. *Id.* at *9. An expert witness also testified that the bent throttle linkage could cause the car to act as though the gas were depressed when it was not. *Id.*

On direct appeal, the petitioner raised five issues, including the denial of his application for pretrial diversion. *Id.* at *14. This court concluded that there was no error in the denial of pretrial diversion. *Id.* This court also reviewed the failure to include a self-defense instruction for plain error, concluding that the petitioner's theory at trial was that the collision was an accident and that the proof did not support a self-defense instruction "as self defense necessarily acknowledges that the defendant used force to protect himself." *Id.* at *20.

The petitioner filed for post-conviction relief, alleging ineffective assistance of counsel, and the post-conviction court held a hearing at which the petitioner was the sole witness.[2]

The petitioner testified that trial counsel was deficient because trial counsel did not permit him to testify before the grand jury. He also asserted that trial counsel was deficient because trial counsel had proceeded on a theory of self-defense prior to trial but during trial did not advise him that self-defense would not be presented to the jury and did not advise him to proceed with the theory of self-defense during trial. When questioned about the fact that his own testimony at trial was that the assault was an accident, the petitioner concluded that it was an "accident that occurred within an act of self-defense."

The petitioner also claimed that trial counsel failed to present witnesses at trial and at the preliminary hearing. However, the petitioner acknowledged that trial counsel had sent an investigator to interview the witnesses whose names he had provided trial counsel, that trial counsel had run an advertisement in the newspaper seeking additional witnesses, and that trial counsel had maintained a folder of statements from various witnesses, which was

---

[1]The petitioner's brother was also charged in connection with the events, and the two were tried together.

[2]As the State acknowledges, "original counsel, when available, should always testify in a post-conviction proceeding when there is an allegation that he was ineffective." *State v. Hopson*, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979).

introduced as an exhibit at the post-conviction hearing. He also acknowledged that when he confronted counsel about the fact that no witnesses, including the petitioner, were presented at the preliminary hearing, counsel had told him that, although it was possible to present witnesses at the hearing, counsel had made a tactical choice not to do so. He further acknowledged that counsel had subpoenaed the witnesses in question and that they were present for trial but ultimately were not presented because counsel believed that the jury was tired of cumulative testimony. The witnesses were not called at the post-conviction hearing, and the only witness identified by the petitioner as having non-cumulative information was Mr. Rodney Bowling, whose statement indicated that he saw a man on the hood of the car trying to destroy the engine as the mob attacked the car. Mr. Bowling was not present for the post-conviction hearing.

The petitioner testified that he never met with his attorney to prepare for his trial testimony. However, in the course of his broad-ranging testimony, he described numerous meetings regarding the case that he had with his attorney, as well as email and telephone communications.

The petitioner also testified that trial counsel was deficient in explaining the difference between pretrial and judicial diversion to him. He testified that he had to email his attorney legal cases to help him understand the difference and that, although there were "two sides to it," he believed his attorney withdrew his application for pretrial diversion. He later acknowledged the application was refiled, and there was a full hearing on it. The opinion on direct appeal demonstrates that the prosecutor rejected the application for pretrial diversion, that trial counsel appealed to the trial court, that the trial court affirmed the prosecutor's decision, and that the issue was also raised and rejected on appeal. The petitioner testified that he would not have accepted any form of diversion that involved an admission of guilt.

The petitioner next testified his counsel's performance was deficient in not entering a video of the race itself into evidence at trial. The petitioner testified that the video did not include the incidents giving rise to the petitioner's convictions, and the video was not presented at the post-conviction hearing. The petitioner testified that he believed trial counsel did not view it but his brother's attorney did and the two discussed the tape.

The petitioner also objected to his trial counsel's performance in advising him not to seek warrants against those involved in the attack on his car because the policy within the county was not to issue cross-warrants. He acknowledged, however, that prior to hiring counsel, he had attempted to get the warrants from two different magistrates and had been denied because the policy was not to issue cross-warrants. He also testified that he believed counsel had been deficient in representing him regarding his post-trial bond revocation. He

testified counsel objected to the revocation and appealed the denial but had to supplement the record on appeal with the trial court's order and await a transcript.

The post-conviction court denied the petition. The court dismissed the claim regarding the grand jury testimony, finding no evidence regarding what the petitioner's testimony would have been or how it would have changed the finding of probable cause. The post-conviction court also found that the defense of mechanical failure was "fatally inconsistent" with a theory of self-defense and that counsel could not ethically have asked the petitioner to lie. Regarding a failure to present witnesses, the post-conviction court detailed counsel's thorough investigation and found that the petitioner acknowledged that these had been strategic decisions. The trial court did not credit the petitioner's testimony that counsel did not prepare him for trial because he "described so many conversations with [counsel] that it is obvious that an enormous amount of time was spent by [counsel] with his client during trial preparation and during the trial." The post-conviction court declined relief on the pretrial diversion issue, finding that counsel applied for diversion, which was refused, and that the petitioner had testified "reluctantly and after much evasion of the issue, that he would never have entered a guilty plea." The post-conviction court found that there was no showing of how the videotape would have affected the outcome of trial and expressed doubts regarding its admissibility. The post-conviction court also rejected the petitioner's argument that trial counsel was ineffective in challenging his post-trial bond revocation, finding that trial counsel challenged the revocation and appealed the denial of his objection, as well as petitioner's argument that trial counsel was deficient in not assisting him in seeking warrants against the persons who attacked his car. The petitioner appeals.

## ANALYSIS

On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Questions concerning the credibility of the witnesses, the weight and value of evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and the reviewing court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). The post-conviction court's decisions on questions of law or mixed questions of law and fact, such as a claim of ineffective assistance of counsel, are reviewed de novo. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002).

Tennessee's Post-Conviction Procedure Act provides for relief when a conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. T.C.A. § 40-30-103 (2010). The denial of the right to effective assistance of counsel is a proper ground for post-

conviction relief. *Vaughn*, 202 S.W.3d at 115. The allegations of fact in a post-conviction petition must be established by clear and convincing evidence. T.C.A. § 40-30-110(f). Clear and convincing evidence is evidence "which leaves 'no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 221 (Tenn. 2009) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

In order to establish that he received the ineffective assistance of counsel, a petitioner must show both that his lawyer's performance was deficient and that the deficiency resulted in prejudice. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). Deficiency can be shown if the petitioner demonstrates that his attorney's services were not "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). A petitioner must demonstrate deficiency by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A reviewing court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). Counsel's strategic choice "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Felts*, 354 S.W.3d at 277(quoting *Strickland*, 466 U.S. at 690-91).

To prevail on the prejudice prong, the petitioner "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (quoting *Vaughn*, 202 S.W.3d at 116). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* A claim may be denied for failure to prove either prong, and a court need not address the prongs in any particular order and need not address both prongs if the petitioner has failed to establish either deficiency or prejudice. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

Here, the petitioner cannot demonstrate any prejudice stemming from his trial counsel's actions in preventing him from testifying before the grand jury. The post-conviction court found that there was no evidence of what his testimony would have been or how it would have changed the grand jury's finding of probable cause. The petitioner is incorrect to argue that the "prudence" of this course of action is not at issue, as advising a client against an imprudent course of action is not deficient and results in no prejudice. This issue is without merit.

The petitioner next challenges the denial of the petition on the basis that trial counsel was deficient in failing to request a self-defense instruction. The petitioner's trial testimony

was that the car malfunctioned, that he then lost control of the car, that he aimed for a fence, and that he lost consciousness prior to the moment of collision. *Parker*, 2011 WL 51734, at *8. This court on appeal concluded that a failure to instruct on self-defense was justified due to the petitioner's testimony that he did not voluntarily use any force to defend himself. *Id.* at *20. There was no other proof supporting the theory of self-defense. The petitioner appears to be additionally asserting that trial counsel performed deficiently in not advising him to testify to facts supporting a theory of self-defense. Assuming that the petitioner's trial testimony was truthful, he is premising error on his counsel's failure to advise him to perjure himself. We conclude that the post-conviction court correctly determined that trial counsel's performance was not deficient when he did not request an instruction at odds with his client's testimony or advise his client to lie.

The petitioner also cannot show that trial counsel was deficient in failing to call witnesses at his trial or preliminary hearing. The proof at the hearing established that trial counsel, through his investigator, interviewed all the witnesses, ran an advertisement searching for additional witnesses, and maintained a folder with witness statements. The post-conviction court found, and the proof demonstrates, that the decision not to call certain witnesses at trial or during the preliminary hearing was a strategic choice made after a thorough investigation. As such, it is "virtually unchallengeable." *Felts*, 354 S.W.3d at 277 (quoting *Strickland*, 466 U.S. at 690-91). Accordingly, the petitioner has not demonstrated any deficiency, nor can he, in the absence of the testimony of the witnesses at the post-conviction hearing, show prejudice.[3] *Black v. State*, 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990).

The post conviction court found that the petitioner's testimony that trial counsel did not prepare him to testify was not credible as he "described so many conversations with [counsel] that it is obvious that an enormous amount of time was spent by [counsel] with his client during trial preparation and during the trial." This finding of fact is conclusive unless the evidence preponderates against it. *Vaughn*, 202 S.W.3d at 115. Accordingly, the petitioner has failed to show any deficiency.

The petitioner on appeal claims that trial counsel was deficient in his advice to petitioner regarding the difference between judicial and pretrial diversion. The petition itself alleges that trial counsel failed to adequately pursue diversion. However, the record demonstrates that trial counsel requested pretrial diversion and was refused by the

---

[3]A folder entitled "Parker Innocence Project" was introduced into evidence at the post-conviction hearing and contains witness statements. Although the statements show that trial counsel's investigator recited to the witnesses that he was a notary and that this would be a sworn statement, they are not signed by the witnesses or investigator and not properly transcribed.

prosecution, and that the denial of pretrial diversion was affirmed on appeal. *Parker*, 2011 WL 51734, at *14. The petitioner testified he would not have accepted judicial diversion involving a guilty plea. Accordingly, he cannot demonstrate a reasonable probability that the outcome of the proceeding would have been different but for any allegedly incorrect advice or any failure to pursue diversion.

The petitioner's claim that trial counsel was deficient for not impeaching witnesses with the videotape likewise fails. The video, which did not capture the melee, was never introduced at the post-conviction hearing, and accordingly the petitioner cannot demonstrate any prejudice. *See Black*, 794 S.W.2d at 758; *Scott v. State*, 936 S.W.2d 271, 272 (Tenn. Crim. App. 1996).

The petitioner finally asserts cumulative error in trial counsel's purported deficiencies. The petitioner's argument raises two issues rejected by the post-conviction court: an allegation that trial counsel was ineffective in challenging his post-trial bond revocation and an allegation that his trial counsel was ineffective in assisting him in seeking warrants against those who attacked his car. As neither of these purported deficiencies would render the petitioner's convictions or sentences void or voidable, they are not a proper basis for post-conviction relief. The issue of cumulative error was not raised before the post-conviction court and is waived; having determined there was no deficiency, we conclude the issue is in any event meritless.

## CONCLUSION

Because the petitioner has failed to demonstrate either deficiency or prejudice for each of his claims, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE