BENNETT *v.* MONROE COUNTY MOTOR CO.

(*Knoxville,* September Term, 1950.)

Opinion filed October 9, 1950.

W. E. MICHAEL, of Sweetwater, for appellant.

346

HODGES & DOUGHTY, of Knoxville, and FRANK N. BRATTON, of Athens, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an action in tort whereby the Plaintiff, A. P. Bennett, seeks damages for personal injuries from the Defendant, Monroe County Motor Company, a corporation. The pertinent facts are these:

Plaintiff took his truck to the Motor Company for repair, was told when he first arrived at the Motor Company, that there was no room in the garage for his truck. He parked it on the street nearby, and later in the day, being advised that the employees of the Motor Company were now ready to repair his truck, he returned and undertook to start the truck and drive it into the garage. He had difficulty in starting his truck and was assisted by one of the employees of the Motor Company, Patterson, who, after starting the truck, directed the Plaintiff

where to park the truck in the garage. In alighting from the truck in the place where Patterson had directed him to park it, Plaintiff slipped in an oil slick, fell and broke his arm. For this injury he seeks damages in the present suit. At the end of Plaintiff's testimony, the Trial Judge directed a verdict for the Defendant on the ground that the evidence showed that Plaintiff was guilty of such contributory negligence as barred his recovery as a matter of law.

On appeal to the Court of Appeals, all three Judges agreed that under the evidence of the Plaintiff, the question of Defendant's negligence and of Plaintiff's contributory negligence, were questions for the jury, and so reversed and remanded the case for a new trial.

In view of the conflicting views on the effect of the evidence in the two lower Courts, the question whether all reasonable men would draw the same conclusions from Plaintiff's admitted conduct, is no longer open, *Lea* v. *Gentry,* 167 Tenn. 664, 670, 73 S. W. (2d) 170, and we must hold with the Court of Appeals that Plaintiff's evidence made a jury question both on Plaintiff's contributory negligence and Defendant's negligence. It is not our function to say whether either was guilty of negligence, but to say only that if a jury so found, the verdict would be justified by the evidence. *Jackson* v. *B. Lowenstein & Bros., Inc.,* 175 Tenn. 535, 136 S. W. (2d) 495.

On a single point of practice, a dissenting opinion was filed in the Court of Appeals. After Plaintiff's motion for a new trial had been overruled and he had indicated his intention to appeal, the Defendant filed a petition for writ of error. The single ground for the writ of error was that the Trial Judge had admitted incompetent evidence. The evidence assailed was that one of the em-

ployees of the Defendant had, after the accident, told him (the Plaintiff) how the pool of oil had come to be on the garage floor. The Defendant made timely objection to the introduction of this evidence, but since after the direction of the verdict, Defendant was entirely satisfied with the final judgment, Defendant made no motion for a new trial.

The question of practice presented is therefore, whether without a motion for a new trial, a successful party may file the record for writ of error in a law case. We agree with the majority of the Court of Appeals, that he cannot.

The old common law writ of error was limited and defined by our Code Section 9063, where writ of error is authorized "from the final judgment" "in all cases where an appeal in the nature of a writ of error would have lain." In the present case, the Defendant, Petitioner, is not filing the petition for writ of error on account of dissatisfaction with the "final judgment" with which he is entirely satisfied, and this is not a case "where an appeal in the nature of a writ of error would have lain," because if the Defendant had undertaken to make a motion for new trial and appeal, he would have been met by the provisions of Section 10654, since clearly the evidence under attack did not affect the result of the trial adversely to him.

The scope of review under writ of error is no broader than under an appeal in the nature of a writ of error, Code Section 9063, supra, and therefore, the scope of review is limited to the grounds made in the motion for a new trial. *Memphis St. Railroad Co.* v. *Johnson*, 114 Tenn. 632, 88 S. W. 169. Action upon which motion by the Trial Judge is "an indispensable pre-

requisite'' to the right of review. *Louisville & N. R. R.* v. *Ray,* 124 Tenn. 16, 28, 134 S. W. 858.

The basis of authority upon which the dissenting opinion is predicated, and the only case cited is *Jones* v. *City of Knoxville,* 172 Tenn. 1, 108 S. W. (2d) 882. In that case, Plaintiff suffered a remittitur on Defendant's motion for a new trial, but Plaintiff did not appeal. It was held by the Court of Appeals and by the Supreme Court, that though Plaintiff had made no motion for a new trial, she might have the question of the propriety of the remittitur reviewed on appeal. This decision was based on a construction of Section 8987 of the Code, with regard to remittiturs, and has no application to the present case where no question of a remittitur is involved. Writ denied.

All concur.