TROY BURT, Appellant, v. STATE OF TENNESSEE, Appellee.

454 S.W.2d 182.

Court of Criminal Appeals of Tennessee. Feb. 13, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Hugh W. Stanton, Jr., Walker Gwinn, Memphis, for appellant.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., James G. Hall, Asst. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

Troy Burt appeals from the dismissal without an evidentiary hearing of his petition for the writ of habeas corpus, treated by the Criminal Court of Shelby County as a petition under the Post-Conviction Procedure Act.

Burt is serving a ten year penitentiary sentence for armed robbery. He was tried upon a not guilty plea, his conviction appealed to and affirmed by this Court, and certiorari denied by our Supreme Court.

The petition sub judice alleges (1) that he is being unlawfully held in violation of the Thirteenth and Fourteenth Amendments to the U. S. Constitution and art. 1, Sections 8 and 33 of the Tennessee Constitution; that (2) he was not advised of his right to counsel at a police show-up, did not have counsel present and did not waive his right to counsel; that (3) women were systematically excluded from the Grand and petit juries which dealt with him; and that (4) he was unlawfully transferred from the Shelby County jail to the State penitentiary while his case was still on appeal. In the face of these allegations, the State's motion to strike the petition was granted without an evidentiary hearing. Counsel was appointed, but Burt was not ordered brought from the penitentiary to Memphis to attend the hearing upon the motion to strike or to confer with counsel.

The distinguished Public Defender, as he has in many similar cases, takes the position that it was error for the trial court not to have the petitioner returned to Memphis to confer with counsel about possible amend-

ments to the petition before dismissing it without an evidentiary hearing. We do not agree that the Post-Conviction Procedure Act requires this, where the grounds of the petition are clearly stated and have no legal merit. This is not a case of a dismissal for formal defects, as alluded to in T.C.A. § 40-3807 as not being a proper basis for dismissal without allowing opportunity for amendment; but this is a situation of lack of legal merit appearing upon the face of the petition, and may be dismissed under the authority of T.C.A. § 40-3809. As we have said in many other cases, a ruling that upon the filing of any paper writing by a prisoner he must be given an opportunity in the county of his conviction to confer with counsel before his petition can be dismissed without a hearing is not only beyond anything explicit or implicit in the Post-Conviction Procedure Act, but would lead to the total disruption of our penal system. We could expect multiple petitions from each and every inmate, whose life of incarceration could be transformed into one of travel. Should procedural relief of this nature be found to be needed, a much more reasonable solution would be to have counsel available at the penitentiaries.

■ The first ground of relief set out in this petition is too general to merit consideration; alleging no facts, but just the conclusion of the pleader that he is being deprived of certain unnamed constitutional rights in some unspecified way. Such a conclusory allegation does not give rise to a right to an evidentiary hearing. O'Malley v. United States, 285 F.2d 733 (6th Cir.).

■ ■ The line-up question sought to be raised by the next allegation is without merit for two immediately apparent reasons. First, this is a question to be raised

on direct appeal, which he has already had. Questions as to the admissibility of evidence are not for post-conviction determination. 39 C.J.S. Habeas Corpus § 29 (J), p. 518. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. This question was either determined on his appeal, or waived by his failure there to raise it. Questions previously determined are foreclosed by T.C.A. § 40-3812.

■ Secondly, the alleged constitutional right to counsel at a line-up was not yet promulgated by the U. S. Supreme Court when his line-up was held in April, 1967. The *Wade* and *Gilbert* decisions were declared to be prospective only, so are applied to line-ups held after June 12, 1967.

■ ■ Petitioner complained that women were systematically excluded from the Grand and petit juries which dealt with him. There is serious doubt that he, not being a member of the allegedly excluded class, could be heard to complain, without an averment of specific, personal prejudice. Further, the exclusion of women from jury service in Tennessee can result from their statutory right to decline to serve, rather than some overt system of exclusion. However, we need not reach the merits of whether or not one can complain of the systematic exclusion of women from juries. Certainly, if this presents a meritorious question, the right to raise it was waived when it was not raised upon the trial by motion or plea in abatement prior to his pleading to the indictment. Discrimination in the unconstitutional composition of venires, where such discrimination has actually

been found to exist in a forbidden form, has long been condemned in Tennessee. See Zanone v. State, 97 Tenn. 101, 36 S.W. 711. But it has consistently been held in Tennessee, since the earliest years of our history, that unless a defendant objects by motion or plea in abatement to the venire before he pleads to the indictment he cannot thereafter avail himself of a claim that the venire was improperly composed. State v. Cole, 28 Tenn. 626; McTigue v. State, 63 Tenn. 313; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Ellis v. State, 92 Tenn. 85, 20 S.W. 500. See also State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96. We do not believe that one should be permitted to raise a question in a post-conviction proceeding that was waived by failure upon the trial, by design or otherwise, to timely raise it when our procedural law prescribes that it should be raised. To permit this type procedure would make a sham of the trial itself. When the constitutional right asserted was as well recognized at the time of the trial as now, and a procedure for asserting it was prescribed, failure to then assert the claimed right upon the trial waives it and prohibits its subsequent assertion in a post-conviction proceeding. A defendant should not be permitted to "save back his rights"; attempt to obtain an acquittal by a jury; and, failing that, then attack that same jury post-conviction.

■ Burt's final complaint, that he was transferred to the penitentiary before his appeal was finally determined, is wholly without merit. See T.C.A. §§ 40-3108, 41-1125. Nor does it raise a constitutional question. And the question is long since moot.

We agree with the trial judge that nothing in the

allegations of this petition give rise to the need for an evidentiary hearing and affirm his dismissal thereof.

HYDER and MITCHELL, JJ., concur.