# ERNEST BAUGH, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 457 S.W.2d 887.

Court of Criminal Appeals of Tennessee. June 3, 1970.

Certiorari Denied by Supreme Court Aug. 3, 1970.

Affirmed by Supreme Court Aug. 3, 1970.

Emery B. Gill, Centerville, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, for respondent.

## OPINION

WALKER, Presiding Judge.

Ernest Baugh, the petitioner below, filed, in the Circuit Court of Hickman County, a petition for a delayed appeal under the provisions of the Post-Conviction Procedure Act. Without an evidentiary hearing, the trial judge held that the questions presented had been previously determined by the trial court and on appeal by this court. From his order the petitioner has appealed.

Baugh's petition shows that he was convicted of receiving stolen property and sentenced to three years' imprisonment. We affirmed his conviction by an opinion released February 2, 1968, after a complete appellate review of all of his contentions. He did not petition the Supreme Court for a writ of certiorari.

Later the petitioner says he petitioned the United States District Court for a writ of habeas corpus. The trial judge there dismissed his petition because he had not exhausted his state remedies.

By this petition he seeks to have the Supreme Court review his conviction. The time to petition that court for certiorari has long since expired.

The trial judge correctly held that the questions raised by petitioner's appeal have been previously determined under T.C.A. Sec. 40-3812. A ground for relief is "previously determined" if a court of competent

jurisdiction has ruled on the merits after a full and fair hearing.

■ ■ The provisions of T.C.A. § 40-3820 for a delayed appeal apply only when the petitioner was denied his right to an appeal in the nature of a writ of error from his original conviction. This petitioner received a complete appellate review of his conviction.

Neither the trial court nor this court has jurisdiction to give petitioner the relief he seeks.

The judgment of the lower court is affirmed.

HYDER and MITCHELL, JJ., concur.