Ernest F. **BROWN**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 26, 1972.

Certiorari Denied by Supreme Court
Jan. 2, 1973.

Hugh W. Stanton, Jr., Memphis, for appellant.

David M. Pack, Atty. Gen., Phillip W. Brooks, Asst. Atty. Gen., Nashville, Thomas F. Graves, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

The appellant, Ernest F. Brown, is incarcerated in the penitentiary serving consecutive sentences of five (5) and ten (10) years for robbery. He attacks these convictions by a post-conviction petition which alleges (1) that he was physically abused during post-arrest interrogation and coerced into making incriminating statements, during which time he was without counsel and was never advised of his Constitutional rights; (2) that he was held twelve (12) hours after his arrest before being arraigned before a magistrate; (3) that he was illegally arrested; and (4) that he was denied a speedy trial by being held fourteen (14) months before any attempt was made to try him.

His petition was dismissed without an evidentiary hearing, and he has appealed. We affirm the action of the trial court.

Brown was tried on November 16 and 17, 1966. Prior to that time and while in the custody of the Shelby County Sheriff awaiting trial he filed a petition for the writ of habeas corpus raising exactly these same questions. It is apparent, therefore, that he was well aware of these claims prior to his actual trial. Further, that petition was stricken upon motion of the State, and that order was unappealed from. Hence, these very contentions have in fact been previously determined in the Criminal Court of Shelby County.

Brown's convictions were appealed directly to our Supreme Court and there affirmed. Brown v. State, 220 Tenn. 709, 423 S.W.2d 493 (1968).

Subsequently, on March 26, 1968, a second habeas corpus petition was filed in the Criminal Court of Shelby County, setting out the same grounds as the pre-trial petition and the same grounds as the instant petition, with an additional ground complaining that one of the jurors who sat upon his trial also served as a juror upon the hearing upon his preliminary plea of present insanity. That petition was dismissed upon the motion of Brown's own counsel, who apparently chose to change his forum to the Federal District Court. There, the only issue tried was the question relative to the juror serving upon both juries, the federal court seemingly finding that the other contentions had not yet been litigated to exhaustion of remedy in State Court. It appears that the State did not call the federal court's attention to the 1966 Habeas Corpus case raising these same questions, which was dismissed (stricken) upon the State's motion, and which action was unappealed from; so that the federal court did not have that fact before it in deciding that those questions had not been pursued to remedy exhaustion in State Court. Since our Supreme Court had specifically ruled upon the juror question, the federal court took jurisdiction as to that question, found it to be without merit, and that District Court judgment was affirmed on appeal.

We find the allegations of Brown in the petition sub judice to have been previously determined. The summary dismissal of his 1966 petition raising these exact same questions was a determination of

them. The fact that he chose not to appeal that order doesn't make it otherwise. All trial questions are first determined in the trial court. If the losing party chooses to accept that determination without appeal, it is as final and binding as if affirmed by the highest appellate court.

To hold that a post-conviction question was not "previously determined by a court of competent jurisdiction hearing" (T.C.A. § 40–3812) unless the ruling had been appealed would lead to the ridiculous situation wherein the same question could repeatedly be litigated through the trial court ad infinitum with never any finality to it.

■ Further, the questions presented here could all have been raised upon Brown's trial, by clearly defined procedures. That he was aware of these things at that time is a matter of clear record, evidenced by his own pre-trial petition. Our procedure does not permit one the practice of deliberately withholding the timely assertion of his Constitutional rights upon his trial, to save them back for post-conviction attack in the event of a conviction. Burt v. State, 2 Tenn.Cr.App. 408, 454 S. W.2d 182; Doyle v. State, 3 Tenn.Cr.App. ——, 458 S.W.2d 637; Arthur v. State, Tenn., 483 S.W.2d 95. Such a procedure would make a farce of the trial itself, and add to the cancerous deterioration of finality and order in our criminal court processes that is plaguing our country today.

■ Both our Legislature and our Supreme Court have recently spoken clearly and with much wisdom on this subject of waiver. In 1971 the following provision was added to T.C.A. § 40–3812:

"A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

Our Supreme Court used the following language in Arthur v. State, Tenn., 483 S. W.2d 95:

"[3] We consider the 1971 amendment to Section 40–3812 to be but a legislative declaration of the construction that the courts would give to the Post-Conviction Procedure Act, even had this amendment not been enacted. We hold, therefore, that since the record does not show that the petitioner presented, or had sufficient grounds for not presenting, to the court that convicted him, the facts of which he now complains, he waived them and is precluded from relying on them.

"[4] We granted certiorari so we might consider and pass upon the question whether the petitioner's failure to object to the court's actions on which he relies as grounds for setting aside his conviction has precluded him from relying on them.

"The petitioner complains of the admission by the court of evidence of his identification by certain of the State's witnesses and on allegedly improper remarks made by the trial judge to the jury. The petitioner does not aver that during the trial he objected either to the evidence of identification or to the judge's remarks of which he now complains.

"[5] There must be a finality to all litigation, criminal as well as civil. The courts, the executive branch of government, the legal profession, and the public have been seriously inconvenienced by the prosecutions of baseless *habeas corpus* and post-conviction proceedings. Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered. When they fail to make timely objection to errors of the courts they must not be allowed at later times of their own choosing—often, perhaps, after witnesses against them have become unavailable—to assert those grounds in post-conviction actions."

We hold that these questions have been both previously determined and waived.

 We would observe that Brown's first contention, that he was coerced into giving incriminating statements without having been warned of his rights, presents no ground for relief in the context of the record of his trial (which we have before us as an exhibit). No statements that were the products of interrogation were admitted into evidence. The only incriminating statement by petitioner which was admitted into evidence involved a cigarette lighter, which petitioner turned over to the police at the scene of the crime, with the accompanying statement that he had gotten it out of the house he had broken into. The trial court ruled that the statement was volunteered and therefore admissible. Our Supreme Court evidently agreed, for in its opinion affirming petitioner's conviction it stated:

"(H)e turned over to the officers a gold cigarette lighter and informed the officers that he had gotten it from the house he had broken into." 220 Tenn. at 712, 423 S.W.2d at 494.

His complaint that he was not taken before a magistrate for some twelve hours after his arrest is equally anemic. This did not deny him a fair trial or otherwise prejudice him. No incriminating evidence allegedly resulting from the delay was admitted into evidence.

His third complaint, that he was illegally arrested, states no ground for post-conviction relief. There is no allegation that an illegal arrest led to taint in the conviction process itself.

Finally, the claim of a denial of a speedy trial is, under this record, transparent. Considerable time was required for mental examination, no demand for trial was made until two days before the trial, and no showing of prejudice from the de-lay is reflected in the trial record or alleged in the petition.

For all of these reasons, the judgment of the trial court is affirmed.

DWYER and O'BRIEN, JJ., concur.