**Douglas V. WHISNANT,**
**Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

May 29, 1975.

Certiorari Denied by Supreme Court
Aug. 18, 1975.

Geoffrey D. Kressin, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, for defendant in error.

## OPINION

OLIVER, Judge.

On January 30, 1974, petitioner filed, in the Criminal Court of Scott County, an "Application for delayed appeal in the nature of writ of error." He grounded this application on the provisions of TCA § 27–605 which deal with obtaining review by a writ of error. By a cover letter (a copy of which was filed with the application) he sent a copy of the application to the Chief Justice of the Tennessee Supreme Court with a request that it be considered under TCA § 27–605 or be referred by him to the appropriate court for consideration.

In his application, the petitioner alleged that he was tried before a jury and convicted on March 19, 1971 of concealing stolen property and sentenced to one year in the penitentiary; that his court appointed attorney filed a motion for new trial but withdrew it on July 21, 1971; that the petitioner agreed to the withdrawal of the motion for new trial and waiver of appeal when his attorney informed him that such action would increase the chances that the trial judge would run this sentence concurrently with some sentences which he received the same day after convictions on guilty pleas; that his attorney made a motion to have the sentences run concurrently but the motion was denied by the trial judge; and that the sentence imposed for this conviction is presently interfering with his release from the penitentiary.

His prayers for relief were, in substance: (1) that a transcript be prepared and sent to the proper court for review, (2) that the application be treated as a petition for post-conviction relief, if he was not entitled to relief under TCA § 27–605, and (3) for general relief.

On February 23, 1973, the State of Tennessee, through the District Attorney General, answered the application by a motion to dismiss filed in the Criminal Court of Scott County. The State contended that, as the application was for review of his conviction by writ of error under TCA § 27–605 and applications for relief under this statute must be addressed exclusively to the appellate courts, the Scott County Criminal Court was without jurisdiction of the action.

By an order dated March 12, 1973 the judge of the Scott County Criminal Court dismissed the action, holding that the petition "has been filed in the Supreme Court of Tennessee as shown by petitioner's letter" and that the Criminal Court of Scott County was without jurisdiction to grant the relief requested.

On March 27, 1973, the petitioner filed a motion to rehear in the Criminal Court of

Scott County. He attached a letter purportedly from the Chief Justice of the Tennessee Supreme Court advising the petitioner that the Supreme Court was without jurisdiction of the cause and suggesting that he refile his application as a petition under the Post-Conviction Procedure Act. (TCA § 40–3801 et seq.) From the denial of this motion to rehear, the petitioner has appealed. He is represented by appointed counsel on this appeal, although he has acted pro se in all of the earlier proceedings.

Petitioner's application partakes of some aspects of a request for: (1) an appeal in the nature of a writ of error, (2) a writ of error, and (3) post-conviction relief under TCA § 40–3801 et seq. In order to evaluate the action of the trial judge in dismissing the application we must determine if it meets the criteria for any of these remedies.

As noted, the paper is entitled "Application for a delayed appeal in the nature of writ of error." Manifestly, the petitioner's sole purpose is to seek appellate review of his March 19, 1971 conviction and sentence for concealing stolen property. By its own allegations, this document reveals that the time for appealing that conviction by an appeal in the nature of a writ of error has long since passed. (TCA §§ 40–3401, 27–312.)

■■■ A delayed appeal can only be granted by a trial court, TCA §§ 40–3818, 40–3820, and then only after an evidentiary hearing upon a petition filed under the Post-Conviction Procedure Act seeking that relief. And a delayed appeal can be granted only if the petitioner was unconstitutionally denied his right to an appeal in the nature of a writ of error from his original conviction. *Baugh v. State*, 3 Tenn.Cr.App. 121, 457 S.W.2d 887 (1970).

The petitioner confronts insurmountable difficulties in undertaking to obtain appellate review of his conviction under the statutes providing review by writ of error. TCA §§ 27–601 et seq., 40–3402. He avers that, upon the advice of his appointed trial

attorney, he withdrew his new trial motion and waived appeal.

■■■ In cases tried to a jury, as this petitioner's conviction trial was, a motion for a new trial overruled by the trial court is a prerequisite to appellate review of the evidence and other matters properly recorded in the Bill of Exceptions. *Stiller v. State*, 516 S.W.2d 617 (Tenn.S.Ct.1974); *Jenkins v. State*, 509 S.W.2d 240 (Tenn.Cr.App.1974); *Nelson v. State*, 4 Tenn.Cr.App. 228, 470 S.W.2d 32 (1971); *Parton v. State*, 2 Tenn. Cr.App. 626, 455 S.W.2d 645 (1970); *Alvey v. State*, 1 Tenn.Cr.App. 360, 443 S.W.2d 518 (1969) and cases cited therein. Rule 14(5) of the Rules of Supreme Court of Tennessee, adopted by this Court, provides:

> "Error in the admission or exclusion of testimony, in charging a jury, or refusing further instructions, misconduct of jurors, parties or counsel, or other action occuring [sic] or committed on the trial of the case, civil or criminal, or other grounds upon which a new trial is sought, will not constitute a ground for reversal, and a new trial, unless it affirmatively appears that the same was specifically stated in the motion made for a new trial in the lower court, and decided adversely to the plaintiff in error, but will be treated as waived, in all cases in which motions for a new trial are permitted."

See also: TCA §§ 27–311 as amended, 40–2603; *Pulley v. State*, 506 S.W.2d 164 (Tenn.Cr.App.1973) and authorities therein cited.

■■■ The settled law of this State is that in cases wherein a motion for a new trial is a prerequisite to appellate review, including cases tried to a jury—as was this petitioner's, a writ of error is not available to review the original judgment when no new trial motion was properly presented to and overruled by the trial court. *Bennett v. Monroe County Motor Co.*, 191 Tenn. 345, 233 S.W.2d 55 (1950); *Stewart v. Hoffmeister*, 16 Tenn.App. 495, 506, 65 S.W.2d 220 (1932); *Johnston v. Phillips*, 4 Tenn.Civ.

App. (Higgins) 662 (1913). Nowhere has the principle been stated as well as in *Johnston v. Phillips*, wherein the Court said:

"While it cannot be questioned that a party litigant may prosecute a writ of error after more than thirty days' time has elapsed from the date judgment has been rendered against him, and while it is true that if a bill of exceptions has been made up and filed in a case in the proper time, the taking of the case up by writ of error takes with it the bill of exceptions, it does not necessarily follow that the case can be reviewed on anything other than the technical record on writ of error when no motion for new trial was made within the thirty days as required by law. To hold that a party who has failed to make his motion for a new trial within the thirty days cannot for that reason have his case reviewed on more than the technical record on appeal, but that he can have it so reviewed on writ of error under the same state of facts and on the same record, would be to wholly set at nought the rule requiring motions for new trials to be made within thirty days, for the very apparent reason that in such case, although a party has failed to get a review on appeal, all he must do to reach the same end is to prosecute his writ of error. Such practice would not only wholly nullify the rule requiring motions for new trials to be made within thirty days, but would, in effect, repeal the statute lying back of this rule. For these reasons such practice cannot be indulged by Appellate Courts."

■ Thus, since, again, the application shows on its face that there has not been a motion for new trial overruled by the trial judge, review of the petitioner's judgment of conviction by writ of error is precluded.

Finally, petitioner has asked that the application be treated as a petition for post-conviction relief under TCA § 40–3801 et seq. The attorney for petitioner on this appeal has strongly urged that this would have been the proper course for the trial court to take, citing TCA § 40–3807, which states:

"No petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition."

In *Burt v. State*, 2 Tenn.Cr.App. 408, 454 S.W.2d 182 (1970), when faced with a similar contention, this Court stated:

". . . This is not a case of a dismissal for formal defects, as alluded to in T.C.A. § 40–3807 as not being a proper basis for dismissal without allowing opportunity for amendment; but this is a situation of lack of legal merit appearing upon the face of the petition, and may be dismissed under the authority of T.C.A. § 40–3809."

■ Neither petitioner's claim that he was illegally arrested and searched, nor his bald conclusory averment that he was "coerced" into withdrawing his appeal and motion for a new trial because his appointed trial attorney "misadvised" him as to the possibility of this sentence being served concurrently with his others, stated any grounds for relief under the Post-Conviction Procedure Act. TCA § 40–3805; *Arthur v. State*, 483 S.W.2d 95 (Tenn.S.Ct. 1972); *Nelson v. State*, supra; *State ex rel. Richmond v. Henderson*, 222 Tenn. 597, 439 S.W.2d 263 (1969). Therefore, the dismissal of the "Application" without an evidentiary hearing, considered in the light of the Post-Conviction Procedure Act, was proper.

Affirmed.

GALBREATH and RUSSELL, JJ., concur.