IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2001

## BILLY JOE HENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 71679     Mary Beth Leibowitz, Judge**

**No. E2001-00438-CCA-R3-PC**
**November 19, 2001**

The Appellant, Billy Joe Henderson, appeals the dismissal of his petition for post-conviction relief without the appointment of counsel and an evidentiary hearing. Henderson is currently serving a life sentence in the Tennessee Department of Correction pursuant to his 1998 conviction for first degree murder. Following a review of the record, we affirm in part and reverse in part the judgment of the post-conviction court dismissing the petition. Because Henderson in part states a "colorable claim," the case is remanded for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Billy Joe Henderson, *Pro Se*, Whiteville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; T. E. Williams, III, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On February 24, 1998, the Appellant was convicted of first-degree murder following a jury trial, and he was later sentenced to life imprisonment. Thereafter, his conviction and sentence were affirmed on appeal. *See* State v. Billy Joe Henderson, No. 03C01-9804-CR-00136 (Tenn. Crim. App. at Knoxville, June 18, 1999).

On December 1, 2000, the Appellant filed a petition for post-conviction relief. The post-conviction court dismissed the petition without appointing counsel to aid the Appellant. The post-conviction court found that the Appellant failed to state a "colorable claim" because the issues raised in his petition for post-conviction relief had previously been adjudicated on direct appeal.

## ANALYSIS

This court has observed that there is a discernible trend toward appointing counsel to assist *pro se* appellants in post-conviction proceedings, providing opportunities to amend petitions, and allowing evidentiary hearings. Rickman v. State, 972 S.W.2d 687, 692 (Tenn. Crim. App. at Jackson, December 1, 1997) (citing Carmley v. State, No. 03C01-9305-CR-00167 (Tenn. Crim. App. at Knoxville, January 13, 1994)). When a "colorable claim" is presented, it is rarely proper to dismiss a *pro se* petition without the appointment of counsel. Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988). Nevertheless, if there is "a lack of legal merit, appearing upon the face of the petition," then the post-conviction court may dismiss the petition without permitting an appellant to confer with counsel and without an evidentiary hearing. Burt v. State, 454 S.W.2d 182, 184 (Tenn. Crim. App. 1970); *see* Allen v. State, 854 S.W.2d 873, 875-76 (Tenn. 1993); Swanson, 749 S.W.2d at 734. In other words, "a clear but patently nonmeritorious petition may be dismissed summarily," without the appointment of counsel or an evidentiary hearing. Martucci v. State, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993); *see* Cureton v. Tollett, 477 S.W.2d 233, 236 (Tenn. Crim. App. 1971).

The Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222 (1997), requires that the grounds for relief be specified and that the facts as set forth must establish a "colorable claim." A "colorable claim" is a claim in a petition for post-conviction relief that, if taken as true, in the light most favorable to an Appellant, would entitle an Appellant to relief under the Post-Conviction Procedure Act. Tenn. Sup. Ct. R. 28, § 2(H). A petition sets forth a "colorable claim" if it alleges facts showing that the conviction resulted from an abridgment of a constitutional right and demonstrates that the ground for relief was not previously determined or waived. Rickman, 972 S.W.2d at 693 (citing Carmley v. State, No. 03C01-9305-CR-00167 (Tenn. Crim. App. at Knoxville, January 13, 1994)). In deciding whether a "colorable claim" is presented, *pro se* petitions should be held to less stringent standards than formal pleadings drafted by lawyers. Allen, 854 S.W.2d at 875. If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, an appellant must be given the aid of counsel. Swanson, 749 S.W.2d at 734.

The Appellant's challenge to his conviction is based upon allegations of ineffective assistance of counsel. Specifically, the Appellant identifies six factual grounds which he contends are "incorporate[d] within the sole issue of ineffective assistance of counsel." The Appellant contends in his brief that we should remand his case to the post-conviction court in order to provide the Appellant an opportunity, with the assistance of counsel, to amend his petition. The Appellant argues that he should be permitted, under the inclusive heading of ineffective assistance of counsel, to raise,

1.  Whether the court erred in allowing the State to introduce evidence that the [Appellant] threatened another man with a knife one week before the fatal stabbing without first conducting a full jury-out hearing pursuant to Tennessee Rule of Evidence 404(b) and determining the issue other than propensity for which this incident was probative, and considering its prejudicial impact.

2.  Whether the court erred in informing the jurors of the release eligibility dates and authorizing them to 'weigh and consider the meaning of a sentence of imprisonment' in their deliberation, where the only issue for the jury was the degree of homicide applicable to the proof presented.

3.  Whether the court erred in failing to allow the [Appellant] to have a hearing with proof on the issue of the voluntariness of his confession.

4.  Whether the court erred in failing to allow the [Appellant's] investigator to attend the trial and not be subject to the Rule of Sequestration.

5.  The court erred in preventing the [Appellant's] counsel from impeaching the State's witness, Brenda Wells, with evidence of her prior statements under oath concerning the violence of her husband, the decedent.

6.  Whether the evidence was sufficient to convict [the Appellant] of pre-mediated (sic) first degree murder.

However, the Appellant raised issues one through five on direct appeal of his conviction. *See* State v. Billy Joe Henderson, No. 03C01-9804-CR-00136 (Tenn. Crim. App. at Knoxville, June 18, 1999). Because these issues were previously determined on direct appeal, the judgment of the post-conviction court dismissing post-conviction issues one through five is affirmed. *See* Tenn. Code Ann.§ 40-30-206 (1997); Overton v. State, 874 S.W.2d 6, 12 (Tenn. 1994) (issues previously raised on direct appeal may not be relabeled and relitigated under an ineffectiveness claim).

The Appellant's sixth issue which is raised in his petition under an ineffectiveness claim was not raised on direct appeal. The Appellant argues that he received ineffective assistance of counsel because sufficiency of the evidence was not raised on direct appeal. Because the petition alleges facts showing that the conviction resulted from the abridgment of a constitutional right and sufficiency of the evidence was not previously determined, we find that the Appellant has stated a "colorable claim." Therefore, we reverse the judgment of the post-conviction dismissing issue six, and remand for the appointment of counsel to the aid Appellant in filing an amended petition and for an evidentiary hearing to follow.

**CONCLUSION**

Based upon the foregoing, we find that the Appellant has stated a "colorable claim", *i.e.* whether he received the ineffective assistance of counsel for failure to raise sufficiency of the evidence on direct appeal. Therefore, the judgment of the post-conviction court dismissing the Appellant's petition for post-conviction relief is reversed as it relates to issue six, sufficiency of the evidence. The judgment is otherwise affirmed. The case is remanded for the appointment of counsel and an evidentiary hearing.

_____
DAVID G. HAYES, JUDGE