# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2016

## CHARLES GRAHAM, aka CHARLES STEVENSON v. GRADY PERRY, WARDEN

### Appeal from the Circuit Court for Hardeman County
### No. 2016-CR-52      Joseph H. Walker III, Judge

### No. W2016-00411-CCA-R3-HC  -  Filed November 16, 2016

The Petitioner, Charles Graham a/k/a Charles Stevenson, appeals as of right from the Hardeman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus. In his petition, the Petitioner argued that his conviction for simple possession was improperly enhanced and that his conviction for tampering with evidence was invalid because the evidence was not destroyed. On appeal, the Petitioner contends that his conviction for simple possession is void because the trial court unlawfully relied on forty-year-old convictions from other states to enhance his sentence. Also, he argues that the trial court clerk's failure to include the judgment form for his simple possession charge in the record on direct appeal denied the Petitioner consideration of the merits of his direct appeal. Finally, the Petitioner argues that the cumulative effect of these two errors results in structural constitutional error, which invalidates his conviction for tampering with evidence. Following our review, we affirm the dismissal order of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT W. WEDEMEYER, JJ., joined.

Charles Graham a/k/a Charles Stevenson, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Jonathan H. Wardle, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

In its opinion affirming the habeas corpus court's summary dismissal of the Petitioner's first petition, this court summarized the factual and procedural background as follows:

> Following the Petitioner's involvement in a May 27, 2004 car crash, officers removed marijuana from inside the Petitioner's vehicle, showed it to him, and laid it on the trunk of the vehicle. See State v. Charles Edward Graham, No. E2005-02937-CCA-R3-CD, 2008 WL 199851, at *1-4, *11 (Tenn. Crim. App. Jan. 24, 2008), perm. app. denied (Tenn. Sept. 15, 2008). According to Officer Shane Watson of the Knoxville Police Department, the Petitioner "suddenly reached out and grabbed one of the marijuana cigarettes and attempted to crush it in his hands." Id. at *11. "The officers were eventually able to get the marijuana cigarette out of [the Petitioner's] hand, but it was broken into pieces." Id. Officer Watson stated that "they were able to recover most of the marijuana from the ground but were not able to retrieve all of the contraband." Id.
>
> The Petitioner was indicted by the Knox County Grand Jury in November of 2004 for vehicular assault, driving under the influence, tampering with evidence, simple possession of a controlled substance, resisting arrest, and failure to provide proper evidence of financial responsibility. See Graham, 2008 WL 199851, at *4. At the conclusion of a jury trial, the Petitioner was found guilty of reckless aggravated assault as a lesser-included offense of vehicular assault, tampering with evidence, possession of marijuana, and failure to provide proof of financial responsibility. Id. The jury found the Petitioner not guilty of driving under the influence and resisting arrest. Id. The Petitioner was sentenced as a career offender to twelve years for reckless aggravated assault, fifteen years for tampering with evidence, six years for possession of marijuana, and ordered to pay a $100 fine for failure to provide proof of financial responsibility. Id. at *1. The sentences for reckless aggravated assault and tampering with evidence were ordered to run consecutively to each other but concurrently with the remaining sentences, resulting in a total effective sentence of twenty-seven years. Id.
>
> In his direct appeal to this court, the Petitioner raised multiple issues, including a challenge to the sufficiency of the evidence supporting his tampering with evidence conviction. Id. *9. . . . This court determined that the evidence was sufficient to support the Petitioner's conviction. Id. at *11. The Petitioner's remaining issues were likewise found to be without merit, and his convictions and effective sentence were affirmed. The

Tennessee Supreme Court denied the Petitioner's application for permission to appeal.

The Petitioner then filed a timely petition for post-conviction relief alleging that his convictions resulted from the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. This court affirmed the post-conviction court's denial of relief. See Charles Edward Graham v. State, No. E2010-02379-CCA-R3-PC, 2012 WL 344936 (Tenn. Crim. App. Feb. 3, 2012), perm. app. denied (Tenn. May 21, 2012). Subsequently, in August 2012, the Petitioner filed a petition for writ of error coram nobis, alleging as newly discovered evidence the judicial misconduct and incompetency of the judge who presided over the Petitioner's trial and post-conviction proceedings. The coram nobis court denied relief, and this court affirmed on appeal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. See Charles Edward Graham, aka Charles Edward Stevenson v. State No. E2012-02063-CCA-R3-CO, 2013 WL 5314687, at *1-2 (Tenn. Crim. App. Sept. 20, 2013) (memorandum opinion).

On September 11, 2013, the Petitioner filed a petition for writ of habeas corpus, alleging that his tampering with evidence conviction was void due to a defective indictment.

. . . .

Prior to the State filing a response, the habeas corpus court summarily dismissed the petition, finding that the Petitioner was "not entitled to habeas corpus relief based on a defective indictment."

Charles Graham, aka Charles Stevenson v. Michael Donahue, Warden, No. W2013-02300-CCA-R3HC, 2014 WL 2547736, at *1-3 (Tenn. Crim. App. May 30, 2014), perm. app. denied (Sept. 19, 2014). Following review, this court affirmed the habeas corpus court's summary dismissal because the Petitioner failed to assert a claim that would entitle him to habeas corpus relief.

The Petitioner then filed a second petition for a writ of habeas corpus, the subject of the instant case, arguing that his conviction for tampering with evidence was invalid because the evidence was not destroyed. The habeas corpus court summarily dismissed his petition. In its order dismissing the Petitioner's habeas claim, the court explained that "the issue raised by [P]etitioner [had] been previously litigated" on direct appeal in which this court determined that the evidence was sufficient to support the Petitioner's conviction for tampering with evidence. The court did not address the issue of the

legality of increasing the Petitioner's simple possession charge to a felony. The Petitioner filed a timely notice of appeal.

ANALYSIS

On appeal, the Petitioner contends that his conviction for simple possession was improperly enhanced to a Class E felony. The Petitioner argues that the trial court relied on two out-of-state convictions to increase his classification in violation of Tennessee Code Annotated section 39-17-418(e). The Petitioner asserts that the statute states that a conviction under this section can only be enhanced for two previous convictions under this same statute. Thus, because his previous convictions occurred outside the jurisdiction of Tennessee, the trial court exceeded its authority by using these two convictions to increase his conviction classification. He argues that this enhancement violated the statute, and his conviction for simple possession is void. Additionally, the Petitioner argues that the trial court clerk's failure to provide the judgment for his conviction for simple possession denied the Petitioner consideration of the merits of his direct appeal. Finally, the Petitioner argues that the cumulative effect of this improperly enhanced conviction and the trial court clerk's failure to include the judgment in the appellate record renders his conviction for tampering with evidence void.

The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. 1, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex. rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a

-4-

preponderance of the evidence.  Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).  A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void."  Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

The Petitioner argues that his conviction for simple possession is void because the trial court unlawfully relied on forty-year-old convictions from other states to enhance his sentence.  The Petitioner is essentially arguing that the State failed to prove that he had the necessary convictions as required by the statute to increase the conviction to a felony.  This is a sufficiency of the evidence claim, and is therefore not cognizable in a petition for habeas corpus relief.  In Billy Lee Simmons v. David A. Sexton, Warden, No. E2011-00699-CCA-R3-HC, 2011 WL 6210660, at *1 (Tenn. Crim. App. Dec. 13, 2011), the petitioner claimed that his conviction for possession of .5 grams or more of cocaine with the intent to sell and within 1,000 feet of a school was improperly raised from a Class B felony to a Class A felony.  The petitioner argued that this increase in his classification pursuant to the Drug-Free School Zone Act resulted in an illegal sentence and violated a legislative act.  Id.  This court held that his argument was essentially a sufficiency argument, and sufficiency challenges are not cognizable in a habeas corpus proceeding.  Id. at *4 (citing Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973)).  Here, the Petitioner argues that his sentence classification was improperly enhanced to a Class E felony in violation of a legislative act.  Similarly to the petitioner in Simmons, the Petitioner is raising a sufficiency argument regarding the increase in classification for his conviction for simple possession.  Thus, it is not cognizable.  See also State v. Stephen Bartholomew Gillard, No. M2012-00910-CCA-R3-CD, 2013 WL 1225802, at *2 (Tenn. Crim. App. Mar. 27, 2013) (analyzing the adequacy of the prior conviction evidence used to increase petitioner's offense classification as a sufficiency of the evidence claim).

The Petitioner also argues that the trial clerk's failure to include the judgment for the simple possession charge in the appellate record on direct appeal renders his conviction void because he was denied consideration of the merits of his direct appeal.  However, the remedy for the Petitioner's claim would have been a delayed appeal, and a claim for a delayed appeal must be brought in a post-conviction proceeding.  See Tenn. R. S. Ct. 28, § 8.  In Arthur Armstrong v. State, No. 01C01-9311-CR-00403, 1994 WL 695424, at *1 (Tenn. Crim. App. Dec. 8, 1994), the petitioner filed a petition for a writ of habeas corpus and a delayed appeal to our supreme court.  However, this court explained that the issues raised by the petitioner were not grounds for habeas corpus relief, and the issues should have been brought in a post-conviction petition.  Id. at *2.  Here, the Petitioner's claim should have been brought in a post-conviction petition; thus, this claim is likewise not cognizable under habeas corpus law.  See also State v. Willie Lewis Brown, No. 03C01-9510-CR-00335, 1997 WL 122241, at *2 (Tenn. Crim. App. Mar. 18, 1997) (citing Whisnant v. State, 532 S.W.2d 572, 575 (Tenn. Crim. App. 1975) (holding

-5-

that "a delayed appeal can only be granted by a trial court upon a petition filed under the Post-Conviction Act seeking that relief, and then, only after an evidentiary hearing where the court finds that the defendant was unconstitutionally denied an appeal from his 'original conviction'").

Finally, the Petitioner argues that because his conviction for simple possession is void, his conviction for tampering with the evidence is also void. Put another way, evidence that did not support a conviction for simple possession likewise will not support a conviction for tampering with the same evidence. The Petitioner contends that the cumulative effect of his void conviction for simple possession and the trial court's failure to submit the judgment form on direct appeal results in structural constitutional error which invalidates his conviction for tampering with evidence. Again, the Petitioner is raising a sufficiency of the evidence argument; thus, this claim is not cognizable in a habeas corpus petition.

## CONCLUSION

Based upon consideration of the foregoing and the record as a whole, the habeas corpus court's summary dismissal of the petition for a writ of habeas corpus is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE