IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 27, 2022

**BERNARD WOODARD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Putnam County**
**No. 2018-CR-818   Wesley Thomas Bray, Judge**

_____

**No. M2022-00162-CCA-R3-PC**

_____

The Petitioner, Bernard Woodard, was convicted of burglary, theft, and evading arrest. He later filed a petition for post-conviction relief alleging various grounds, including that his lawyer was ineffective, that the jury was drawn from an unrepresentative venire, and that the prosecutor made improper comments during closing arguments regarding his right to remain silent. The post-conviction court summarily dismissed the petition, finding that the petition failed to state a colorable claim for relief. On appeal, the Petitioner challenges the dismissal of his petition. We hold that the post-conviction court properly dismissed claims that have been waived. However, we also hold that the Petitioner has stated colorable claims for relief by alleging sufficient facts showing that he was denied the effective assistance of trial counsel and appellate counsel. As such, we respectfully remand these claims for the appointment of counsel and further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part,**
**Reversed in Part, Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Bernard Woodard, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Mark Gore, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*FACTUAL BACKGROUND*

The Petitioner was convicted by a jury of burglary of a building other than a habitation, theft of property valued at $2,500 or more, and felony evading arrest. *State v. Woodard*, No. M2020-01538-CCA-R3-CD, 2021 WL 5467384, at *1 (Tenn. Crim. App. Nov. 23, 2021). He was sentenced as a career offender to an effective sentence of eighteen years. *Id.* On direct appeal, the Petitioner argued that "his right to an impartial jury was violated by the racial composition of the jury venire, that the State did not establish the value of the stolen property, that the prosecutor committed misconduct in closing argument, and that the trial court erred in imposing partially consecutive sentences." *Id.* This Court found no error, and it affirmed the judgments of the trial court. *Id.*

On January 11, 2022, the Petitioner filed a pro se petition for post-conviction relief in the Putnam County Criminal Court. In the petition, the Petitioner alleged that his trial counsel was ineffective by failing to (1) object to the underrepresentation of African Americans in the jury venire; (2) file a motion for change of venue after advising the Petitioner that he "would not get a fair trial in this county"; (3) file a motion to determine the Petitioner's competency to stand trial; (4) object to the prosecutor's comments during closing arguments regarding the Petitioner's right to remain silent; (5) file a motion to quash the indictment because no African Americans were serving on the grand jury; and (6) file a notice of appeal after the Petitioner advised trial counsel that he wanted to file an appeal. The Petitioner also alleged that his appellate counsel was ineffective by failing to prepare and file a transcript of the closing argument on direct appeal. We refer to these claims herein as the Petitioner's "Sixth Amendment claims." In addition, the Petitioner raised two stand-alone claims for relief: that his jury was drawn from a venire that underrepresented African Americans and that, during the closing argument, the prosecutor impermissibly commented on the Petitioner's right to remain silent.

On January 18, 2022, the post-conviction court summarily dismissed the petition without appointing counsel or holding an evidentiary hearing. Initially, the post-conviction court found that two of the Petitioner's claims were previously determined because the Petitioner raised these claims on his direct appeal. These previously-determined claims included the Petitioner's claim regarding the prosecutor's closing argument and his claim about the selection of the grand or petit juries.

With respect to the Petitioner's Sixth Amendment claims, the post-conviction court concluded that the Petitioner raised "no colorable claim" and that he raised no "issues or points that begin to arise to a Post-Conviction Relief standard." Specifically, the post-conviction court noted that Petitioner's allegation that trial counsel was ineffective in relation to the racial composition of the jury "was raised on appeal, denied and is not a

valid basis." Next, the post-conviction court said that the Petitioner's allegation that trial counsel was ineffective by failing to request a "change in venue[] was not raised at trial nor appeal, nor is it a valid assertion for Post-Conviction Relief."

On appeal, the Petitioner challenges the summary dismissal of the post-conviction petition. For the reasons given below, we respectfully affirm in part and reverse in part the judgment of the post-conviction court. We also remand the case for the appointment of counsel and for further proceedings consistent with this opinion.

## STANDARD OF APPELLATE REVIEW

Our Supreme Court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, No. E2020-00231-SC-R11-CD, 2022 WL 4137238, at *4 (Tenn. Sept. 13, 2022). An issue as to whether a post-conviction petition states a claim for relief is a question of law. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). As such, our review of a post-conviction court's summary dismissal of a post-conviction petition is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *see also Abdelnabi v. State*, No. E2020-01270-CCA-R3-PC, 2022 WL 500394, at *12 (Tenn. Crim. App. Feb. 18, 2022).

## ANALYSIS

On appeal, the Petitioner challenges the summary dismissal of his post-conviction petition. In response, the State argues that the Petitioner "does not challenge the [post-conviction] court's dismissal, but asserts the same claims and raises new ones." On this basis, the State asks that we affirm the dismissal of the petition.

As to the State's argument, we have a different perspective. Although the petition is not drafted well, "our courts have long recognized that pro se petitioners are not held to the same stringent drafting standards of attorneys and the resulting pleadings are to be more liberally construed." *Carter v. State*, No. E2011-01757-CCA-R3-PC, 2012 WL 6621187, at *1 (Tenn. Crim. App. Dec. 19, 2012). In this appeal, the Petitioner requests that this Court provide relief on the issues raised in the lower court, and he asks this Court to appoint counsel to represent him. We conclude that the Petitioner's request is sufficient here to challenge whether the post-conviction court properly dismissed his post-conviction petition.

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right

guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction proceeding is commenced by filing a written petition for relief, Tenn. Code Ann. § 40-30-104(a), and this petition "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds," Tenn. Code Ann. § 40-30-106(d). Our General Assembly has cautioned that "[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." *Id.*

When considering a timely-filed petition, a trial court must determine whether the petition alleges a colorable claim for post-conviction relief. Tenn. Sup. Ct. R. 28 § 6(B)(2). A "colorable claim" is a claim "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(H). If the court finds that the petition does state a colorable claim for relief, then the court should enter a preliminary order and appoint counsel if the petitioner is indigent and requests counsel. *Arnold*, 143 S.W.3d at 786. However, if the "facts alleged, taken as true, fail to state a colorable claim, the petition shall be dismissed." *Id.*; *see also* Tenn. Code Ann. § 40-30-106(f).

In reviewing whether the post-conviction court properly dismissed the petition, we must first determine whether the Petitioner has stated a colorable claim for post-conviction relief. In this appeal, there are essentially two categories of claims before this Court. The first category includes free-standing claims alleging a violation of various constitutional rights. The second category consists of the Petitioner's Sixth Amendment claims challenging the effectiveness of both his trial counsel and appellate counsel.

With respect to the first category of claims, the Petitioner asserts that his jury was drawn from an unrepresentative venire and that, during the closing argument, the prosecutor impermissibly commented on the Petitioner's right to remain silent. The post-conviction court held, and the State argues, that these claims have been previously determined. Although we respectfully disagree that these claims have been previously determined, we conclude that the post-conviction court properly dismissed these claims because they have been waived.

For a post-conviction claim to be "previously determined," a court of competent jurisdiction must generally have "ruled on the merits [of the issue] after a full and fair hearing." Tenn. Code Ann. § 40-30-106(h); Tenn. Sup. Ct. R. 28, § 2(E). Essentially, this rule codifies the principle that post-conviction proceedings "may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction." *Ray v. State*, 489 S.W.2d 849, 851 (Tenn. Crim. App. 1972); *see also Patel v. State*, No. M2018-01885-CCA-R3-PC, 2019 WL 5618962, at *8 (Tenn. Crim. App. Oct.

31, 2019). As such, this rule does not typically apply in the absence of a court's ruling on the merits of the issue.

In this case, the Petitioner sought direct appellate review of his claims involving jury selection and prosecutorial closing argument. However, this Court did not rule on the merits of either issue, whether under plenary review or the plain error doctrine. Instead, we found that these claims were waived due to the Petitioner's failure to raise these issues properly in the trial court. *Woodard*, No. M2020-01538-CCA-R3-CD, 2021 WL 5467384, at *4, 6-7. As such, because these claims were not resolved on the merits after a full and fair hearing, we conclude that these claims have not been previously determined.

That said, the Petitioner's free-standing claims were nevertheless properly dismissed because they have been waived. Tennessee Code Annotated section 40-30-106(g) provides that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Similar to claims that have been previously determined, section 40-30-106(g) seeks to prevent post-conviction proceedings from being used as a substitute for direct review and appeal. Essentially, a defendant may not withhold constitutional claims at trial for later litigation in post-conviction proceedings. Tenn. Code Ann. § 40-30-110(f) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."); *cf. Brown v. State*, 489 S.W.2d 268, 270 (Tenn. Crim. App. 1972) ("Our procedure does not permit one the practice of deliberately withholding the timely assertion of his Constitutional rights upon his trial, to save them back for post-conviction attack in the event of a conviction.").

Here, the Petitioner could have properly presented these claims to the original trial court because they existed at the time. He also could have properly sought relief on appeal, but he failed to do so. As such, we conclude that these stand-alone constitutional claims have been waived and that the post-conviction court acted properly in summarily dismissing these claims. *See, e.g.*, *McNair v. State*, No. E2021-00219-CCA-R3-PC, 2022 WL 2115087, at *8 (Tenn. Crim. App. June 13, 2022) (finding that petitioner waived any free-standing claim regarding the composition of the petit jury by failing to present it in a proceeding before a court of competent jurisdiction in which the ground could have been presented); *Roberson v. State*, No. E2020-00643-CCA-R3-PC, 2021 WL 2373819, at *19 (Tenn. Crim. App. June 9, 2021) (finding that petitioner waived a free-standing claim regarding inappropriate closing argument by failing to present this ground on direct appeal). Because this Court may "affirm a judgment on different grounds than those relied upon by the lower courts when the lower courts have reached the correct result," *State v. Hester*, 324 S.W.3d 1, 21 n.9 (Tenn. 2010), we affirm the post-conviction court's summary dismissal of these claims.

With respect to the Petitioner's Sixth Amendment claims, however, we have a different view. If properly alleged, claims of ineffective assistance of counsel typically represent colorable grounds for post-conviction relief. *See Clark v. State*, No. W2009-01610-CCA-R3-PC, 2010 WL 890939, at *10 (Tenn. Crim. App. Mar. 12, 2010). And, importantly, a claim asserting the ineffective assistance of counsel with respect to a particular issue may be brought even when the underlying substantive issue has been waived or previously determined. *Rayfield v. State*, No. M2020-00546-CCA-R3-PC, 2021 WL 4205714, at *6 (Tenn. Crim. App. Sept. 16, 2021) (recognizing that, even if substantive claims are waived for purposes of post-conviction relief, the bar does not affect "consideration of these alleged errors as they relate to the petitioner's claim of ineffective assistance of counsel"); *Arnold v. State*, No. M2018-00710-CCA-R3-PC, 2020 WL 569928, at *39 (Tenn. Crim. App. Feb. 5, 2020) (in the context of a claim for improper prosecutorial argument, recognizing that the substantive claim was waived but stating that "we will consider the Petitioner's claim that his defense attorneys were ineffective in failing to object to the prosecutor's improper comments during closing arguments" (citing Tenn. Code Ann. § 40-30-106(g)). As such, the post-conviction court should have allowed the Petitioner's Sixth Amendment claims to proceed, even if the underlying substantive claims have otherwise been waived or previously determined.

For its part, the State argues that the Petitioner's Sixth Amendment claims should be dismissed because they "are conclusory, without any supporting proof." We agree that the claims are conclusory. But, while a post-conviction petitioner is required to "include allegations of fact supporting each claim for relief set forth in the petition," Tenn. Code Ann. § 40-30-104(e), the petitioner "is not required to *prove* any claim in his petition; instead, a petitioner need only *allege* a colorable claim," *Betts v. State*, No. M2009-01193-CCA-R3-PC, 2010 WL 2160381, at *2 (Tenn. Crim. App. May 28, 2010) (citing *Shazel v. State*, 966 S.W.2d 414, 415-16 (Tenn. 1998)) (emphasis in original). Indeed, "'[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing.'" *Tuttle v. State*, No. M2018-00768-CCA-R3-PC, 2019 WL 1579685, at *6 (Tenn. Crim. App. Apr. 12, 2019) (quoting *Stuart v. State*, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004)).

We have examined the factual allegations contained in the petition with respect to the Petitioner's Sixth Amendment claims. Taken as true, these facts state colorable claims sufficient to survive a summary dismissal. Therefore, we conclude that the post-conviction court should appoint counsel for the Petitioner and allow him an opportunity to file an amended petition. *See* Tenn. Code Ann. § 40-30-107(b)(1).

Finally, we recognize that the Petitioner has attempted to raise additional issues in this Court that were not originally included in his post-conviction petition. Of course, we will not address issues raised for the first time on appeal. *See State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020) ("'Generally, issues raised for the first time on appeal are waived.'" (quoting *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017))). Our restraint here, though, does not preclude the Petitioner from properly raising these issues in an amended petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-107(b)(2).

## CONCLUSION

We hold that the post-conviction court properly dismissed the Petitioner's free-standing claims for relief. However, we also hold that the Petitioner has stated colorable claims for relief by alleging sufficient facts showing that he was denied the effective assistance of trial counsel and appellate counsel. As such, we respectfully remand the colorable claims for relief to the post-conviction court to appoint counsel for the Petitioner and to conduct further proceedings consistent with this opinion.

_____
TOM GREENHOLTZ, JUDGE